IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PROSDOCIMO, | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-1028 |
| | ) | |
| JEFFREY BEARD, et al., | ) | |
|     Respondents. | ) | |

MEMORANDUM AND ORDER

On October 24, 2008, Petitioner William Prosdocimo ("Petitioner" or "Prosdocimo") filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on May 22, 1985 at No. CC 198104946 on one charge of criminal homicide and the sentence of life imprisonment, imposed on December 23, 1985 in the Court of Common Pleas of Allegheny County, Pennsylvania. The charge arose out of the June 14, 1979 murder of Gary DeStefano, who was shot by Robert Bricker when he unfortunately found Bricker about to break into a car in which he and Gerald Walls had brought drugs into Pennsylvania.

On October 6, 2009, Petitioner, now represented by the Federal Community Defender Office for the Eastern District of Pennsylvania, moved to stay the case so that he could exhaust state court remedies, and this motion was granted (ECF No. 11). On July 8, 2010, the case was reopened, and Petitioner filed a counseled Amended Petition (ECF No. 15). Respondents filed an Answer on September 21, 2010 (ECF Nos. 16-22) and Petitioner filed a reply brief on October 20, 2010 (ECF No. 26).

On November 29, 2010, a United States Magistrate Judge filed a Report and Recommendation ("R&R") (ECF No. 28), recommending that the Amended Petition be denied

and that a certificate of appealability be denied. Service of the R&R was made on the parties, and the Petitioner filed objections (ECF No. 29) on December 16, 2010.

In his objections, Petitioner raises a number of issues, some of which will be discussed herein. Any issues raised by Petitioner and not discussed herein are summarily overruled because they were adequately addressed in the R&R.

Petitioner argues that the magistrate judge[1] erred with respect to Claim I (that he was denied due process because the evidence supported only the crime of theft, not robbery) and Claim IV (that he was denied due process and the effective assistance of counsel because trial counsel failed to request an instruction that he could not be convicted of felony murder if Bricker had independent reasons for killing DeStephano) when the magistrate judge "introduced" the concept of "conspiracy" into this case (ECF No. 29 at 2-3, 9-10). This argument is without merit.

Petitioner was convicted of second degree murder, which consists of a criminal homicide "when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony." 18 PA. CONS. STAT. § 2502(b). "Perpetration of a felony" includes "engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery…." 18 PA. CONS. STAT. § 2502(d). Robbery in turn is defined under Pennsylvania law, among other things, as committing a theft during which serious bodily injury is inflicted upon another. 18 PA. CONS. STAT. § 3701(a)(1). Under

---

[1] Throughout the objections, counsel for Petitioner refers to the "Magistrate Court," a term that has no meaning. The magistrate judges are part of this Court and they submit R&Rs on petitions for writ of habeas corpus (among other matters) to the appropriate district judge for final disposition. Thus, the Court will refer to the R&R and the magistrate judge.

that section, theft must be considered. Here, Petitioner is arguing that only a theft was involved. The evidence as a whole, however, viewed in the light most favorable to the Commonwealth, supports the jury's verdict that a robbery was involved, i.e. a theft was committed during which serious bodily injury was inflicted.

As cited above, these statutes apply not only to the actual perpetrators, but to accomplices. Under Pennsylvania law, a person is guilty of an offense if he is an accomplice to the person who actually committed the offense. 18 PA. CONS. STAT. § 306(a), (b)(3). The law provides an exception for someone who terminates his complicity prior to the offense, 18 PA. CONS. STAT. § 306(f)(3), but Petitioner has not argued or cited any evidence to demonstrate that he terminated his complicity.

Prosdocimo argues that he and his cohorts "abandoned" the plan to commit robbery and "adopted" a second plan to steal the drugs from an unoccupied car. The Superior Court noted that the first plan, as testified to by Prosdocimo's accomplice Charles Kellington:

> indicated that [Prosdocimo], Bricker, and Kellington planned to "rip-off" drugs from Walls approximately two months prior to the shooting and that they all agreed that a "stick-up" of Walls would be necessary to effectuate their plan. Kellington also testified that, a week prior to the murder, [Prosdocimo] asked to borrow his vehicle to search for a burial plot for Walls in case the plan went awry.

(Answer Ex. 54 at 2.)

Gerald "Snooky" Walls, however, refused to accompany Kellington to Prosdocimo's house, where the robbery would have taken place. Therefore, a second plan was devised. According to the Superior Court, this plan:

> called for Robert Bricker to steal the drugs from the trunk of Snooky Walls' car, while Charles Kellington occupied Walls and [DeStefano] inside a nearby bar. Robert Bricker fatally shot [DeStefano] when [he] exited the bar and approached

3

> Bricker's car to engage him in conversation. [Prosdocimo] was not present at the scene at the time of the shooting.

(Answer Ex. 23 at 2.) Petitioner contends that they "abandoned" the plan to commit robbery and committed only a mere theft, which is not a predicate act for purposes of the Pennsylvania felony murder statute, 18 PA. CONS. STAT. § 2502(b), and that he should not have been convicted of felony murder. Several other claims also are based on this argument.

As noted in the R&R, this argument is without merit because the issue is not whether a conspiracy was involved or whether there was "abandonment," but whether Prosdocimo was an accomplice to felony murder. The Pennsylvania Superior Court found that the evidence as a whole, viewed in the light most favorable to the Commonwealth, was sufficient for the jury to find Petitioner was an accomplice to felony murder. (See R&R at 25-26.) Petitioner has not demonstrated that this conclusion constituted an unreasonable application of Jackson v. Virginia, 443 U.S. 307 (1979). Therefore, this objection is overruled.

Petitioner argues that the R&R contains an error with respect to Claim II (that he was denied due process because the trial court's instructions impermissibly relieved the Commonwealth of its burden of proof by leading the jury to believe that theft was a predicate felony to second-degree murder) because it relied on the Pennsylvania Supreme Court's analysis of this issue and that analysis was "wrong" (ECF No. 29 at 5). However, "the question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citations omitted). The Pennsylvania Supreme Court held that the jury instruction as a whole was "accurate, adequate, and sufficiently clear to inform the

4

jury of the law applicable to the case" (Answer Ex. 30 at 4-5), and further that it was not confusing. Petitioner did not demonstrate that this conclusion was unreasonable. Therefore, this objection is overruled.

Petitioner argues that the R&R contains an error regarding Claim III (that he was denied due process and the effective assistance of counsel when the trial court instructed the jury "that the killing was with malice on the part of the Defendant and/or his accomplice" because the instruction led the jury to believe that it did not have to find that Prosdocimo acted with malice if it found that the shooter acted with malice) because it examined the evidence and stated that the jury could have concluded that Prosdocimo shared the malice of his alleged accomplices. Petitioner argues that this was error because his claim is about instructional error, not sufficiency of the evidence (ECF No. 29 at 7). In his prior pleadings (the Amended Petition and the reply brief), Petitioner did not raise this argument, but instead relied upon his contention that the Commonwealth improperly cited evidence regarding the earlier plan that had been "abandoned." This argument is without merit, for the reasons cited above. Petitioner cannot raise new arguments in his objections to a report and recommendation. See Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988); Dunkin' Donuts Franchised Restaurants LLC v. Mehta, Civ. Action No. 07-0423, 2007 WL 2688710, at *1 (W.D. Pa. Sep. 11, 2007) (Conti, J.).

In addition, the Pennsylvania Supreme Court, on direct appeal, specifically noted that the jury charge given closely tracked the language of the suggested standard jury instructions for the crimes of felony-murder, robbery, and theft. (Answer Ex. 30 at 5.) This conclusion includes the observation that the charge tracked the standard jury instruction with respect to the malice

element, as indeed it did.  On appeal of the denial of his PCRA petition, the Pennsylvania Superior Court so held.  (Answer Ex. 54 at 37-38.)  Petitioner failed to demonstrate that the decisions of the Pennsylvania courts were unreasonable applications of clearly established federal law.  Therefore, this objection is overruled.

Petitioner argues that the R&R contains an error with respect to Claim V (that he was denied due process because in two separate trials the Commonwealth presented different theories of liability for the DeStephano shooting) because, although the R&R "did not disagree" that the Commonwealth presented contradictory theories, it concluded that there was no clearly established federal law that supported the principle upon which Petitioner relies.  In fact, the R&R did not contain an evaluation of the issue whether the theories presented by the Commonwealth were "inherently contradictory," and Petitioner has not demonstrated that they were.  At his trial, the Commonwealth presented the theory that Robert Bricker shot DeStephano because DeStephano caught him breaking into Walls' car, and at Bricker's trial, Petitioner contends that the Commonwealth presented the theory that Bricker shot DeStephano "for his own entertainment." These theories are not necessarily contradictory.

Moreover, as the magistrate judge correctly pointed out, the Supreme Court "has never hinted, much less held, that the Due Process Clause prevents a State from prosecuting defendants based on inconsistent theories."  Bradshaw v. Stumpf, 545 U.S. 175, 190 (2005) (Thomas, J., concurring).  Thus, Petitioner has not and cannot point to the appropriate authority in support of his habeas claim.  See Fotopoulos v. Secretary, Dept. of Corrections, 516 F.3d 1229, 1234-35 (11th Cir. 2008) (rejecting habeas due process claim based on the prosecution arguing two inconsistent theories at different trials).

6

Petitioner argues that the R&R contains an error with respect to Claim VIII (that he was denied the effective assistance of counsel because trial counsel failed to interview and present the evidence of witnesses John Sacco and Sam Rende) because, inter alia, it relied on the Pennsylvania Superior Court's erroneous factual finding that there were other bartenders working that night, when in fact Sacco testified that he was the only one. (ECF No. 29 at 15.) The R&R, however, did not rely on this finding; rather, the magistrate judge relied on the overall conclusion that Sacco's proposed testimony would not have further impeached Kellington's testimony. Sacco did not testify definitively that Kellington did not receive or make calls from behind the bar on the night in question, only that he did not recall Kellington doing so. (HT 10-13.)

With respect to Sam Rende, Petitioner argues that the R&R contains an error with respect to the conclusion that Rende could not recall specifically whether Kellington was in his store or whether it was open after 6:00 p.m. on the night of the murder. Petitioner points to part of Rende's PCRA testimony in which he stated that Kellington was not in his store after 6:00 p.m. (HT 19), but shortly thereafter Rende also testified that he could not be sure (HT 20). The Pennsylvania Superior Court concluded that counsel's failure to call Rende to present this testimony did not constitute ineffectiveness and Petitioner did not demonstrate that this conclusion was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). This objection is overruled.

Petitioner argues that the R&R contains an error with respect to Claim IX (that he was denied due process and the effective assistance of counsel when trial counsel refused to allow him to testify) because it failed to acknowledge the "bottom line" of trial counsel's PCRA testimony: "I told him that he could not testify." (ECF No. 29 at 16) (citing HT 92.) Petitioner

took this one line out of context: immediately thereafter, counsel was asked if Petitioner acceded to her wishes that he not testify so as not to open the door to extensive cross-examination on his other crimes and she replied "He gave in, yes." (HT 92.) The R&R cited to other record evidence that supported this conclusion (verified statements submitted by both Petitioner and trial counsel). Petitioner's objection is overruled.

Petitioner argues that the R&R contains an error with respect to Claim XI (that he was denied due process and the effective assistance of counsel when the trial court allowed Gerald Walls to implicate him in other crimes) when it indicated that any prejudice to Petitioner was cured by an instruction that the trial court gave to the jury immediately thereafter when counsel objected. Petitioner contends that Walls' testimony "was not cured by the trial court's instruction." (ECF No. 29 at 19). The Pennsylvania Superior Court held it was cured (Answer Ex. 54 at 31-32) and Petitioner did not demonstrate that this holding was unreasonable. This objection is overruled.

Finally, Petitioner argues that the R&R contains an error because it did not consider Claim XIV ("cumulative error"). That claim had not been raised in the state courts and was thus procedurally barred from review (ECF No. 29 at 21 n.4). Petitioner, however, cites no authority to support his contention that "cumulative error" represents an independent claim. Having found the various claims asserted to be without merit, this Court concludes that Petitioner did not state an independent claim based upon their cumulative effect to demonstrate that he is entitled to habeas corpus relief.

ORDER

AND NOW, this 31st day of January, 2011, for the reasons set forth in the foregoing Memorandum,

IT IS ORDERED that the Amended Petition for a writ of habeas corpus filed by Petitioner William Prosdocimo (ECF No. 15) is denied and, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Petitioner desires to appeal from this Order, he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

AND IT IS FURTHER ORDERED that Magistrate Judge Mitchell's Report and Recommendation dated November 29, 2010 (ECF No. 28) is adopted as the opinion of the Court, as modified by the instant Memorandum.

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge